UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MILES, | No. 2:18-cv-02860-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| BRUSCO TUG & BARGE, INC. and RONALD BRUSCO, JR., | |
| Defendants. | |

This matter is before the Court on Defendant Brusco Tug & Barge, Inc.'s ("Defendant") Motion to Compel Arbitration. (ECF No. 16.) Plaintiff Frank Miles ("Plaintiff") filed an opposition. (ECF No. 17.) Defendant filed a reply. (ECF No. 20.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action in Sacramento County Superior Court on September 14, 2018. (ECF No. 1 at 11.) Plaintiff alleges he was employed by Defendant and asserts a number of wage and hour violations. (*See id.* at 11–21.) Defendant removed the action to this Court on October 26, 2018, on the basis of diversity jurisdiction (ECF No. 1 at 2), and on March 9, 2020, filed the instant motion to compel arbitration and stay the action (ECF No. 16). In its motion, Defendant states that while Plaintiff was employed with Defendant, he was a member of the International Organizations of Masters, Mates & Pilots, Pacific Maritime Region (the "Union") and his employment was governed by successive collective bargaining agreements ("CBAs") between Defendant and the Union. (ECF No. 16-1 at 2.) Defendant argues therefore that "because the CBAs require that Plaintiff's claims be resolved under and in accordance with their procedures for the settlement of grievances and disputes in arbitration, Plaintiff must be compelled to arbitrate his dispute." (*Id.*)

## II. STANDARD OF LAW

The parties do not dispute that the Federal Arbitration Act ("FAA") governs Defendant's motion. 9 U.S.C. §§ 1–16. In deciding whether to compel arbitration, a district court typically determines two gateway issues: (1) whether a valid agreement to arbitrate exists; and, if it does, (2) whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "To evaluate the validity of an arbitration agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). If the court is "satisfied that the making of the arbitration agreement or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* (*Moses H. Cone*), 460 U.S. 1, 24–25 (1983). If a court "determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss

the case if all of the alleged claims are subject to arbitration." *Hoekman v. Tamko Bldg. Prod., Inc.*, No. 2:14-cv-01581-TLN-KJN, 2015 WL 9591471, at *2 (E.D. Cal. Aug. 26, 2015) (citation omitted).

There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985). As such, "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Id.* at 626 (quoting *Moses H. Cone*, 460 U.S. 1 at 24–25). "Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982), *abrogated on other grounds by Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985)). Therefore, an arbitration agreement may only "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343–44 (2011) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). Courts may not apply traditional contractual defenses, like duress and unconscionability, in a broader or more stringent manner to invalidate arbitration agreements and thereby undermine FAA's purpose to "ensur[e] that private arbitration agreements are enforced according to their terms." *Id.* at 1748 (quoting *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).

### III.   ANALYSIS

Defendant argues a valid and enforceable arbitration agreement exists between Plaintiff and Defendant, Plaintiff's claims are within the scope of the CBA's arbitration agreement, and Defendant has acted consistent with an intent to arbitrate. (*See* ECF No. 16-1 at 8–12.) Plaintiff's argument in opposition is not whether the arbitration agreement encompasses the dispute at issue, but rather whether a valid arbitration agreement exists. (*See* ECF No. 17.) Plaintiff argues Defendant's motion fails because: (1) Defendant has waived the right to enforce

the arbitration agreement through unreasonable delay and by failing to follow the grievance procedure of the CBA; (2) the CBA does not cover Plaintiff's claims; and (3) the arbitration agreement is unconscionable and therefore invalid. (*See id.*)  Because the Court finds that Defendant waived the right to enforce the arbitration agreement by failing to follow the grievance procedure of the CBA, the Court will address that issue alone and declines to address Defendant's remaining arguments.

Plaintiff argues Defendant waived its right to compel arbitration by failing to follow the grievance and arbitration procedures set forth in the CBA as Defendant "failed to enforce steps 1–3 of the grievance process since Plaintiff's initial [C]omplaint was filed." (ECF No. 17 at 5–6.) Plaintiff asserts a California state court in *Knutsson v. KTLA, LLC*, 228 Cal. App. 4th 1118, 1133 (2014), denied a motion to compel arbitration based on the defendant's failure to compel compliance with steps one and two of the CBA's three-step grievance process. (*Id.* at 6.)  In reply, Defendant argues *Knutsson* is inapplicable because in that case "the court recognized that procedural questions which grow out of a dispute and bear on its final disposition are presumptively for an arbitrator to decide" and "Plaintiff's 'forfeiture' argument invites the [C]ourt to both interpret and apply the [CBA], which is the sole province of the arbitrator." (ECF No. 20 at 7.)  Defendant argues whether grievance procedures "have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration." (ECF No. 20 at 7 (citing *Livingston v. John Wiley & Sons, Inc.* (*John Wiley*), 376 U.S. 543, 555–59 (1964)).)  Defendant contends "asking the Court to interpret the grievance-arbitration machinery . . . invites serious legal error," as "it is the arbitrator's role to interpret and apply the CBAs." (*Id.* at 7–8.)

Here, the Court agrees with Plaintiff and finds *Knutsson* relevant to the instant case. While acknowledging "there is no direct federal decisional authority" regarding whether a right to compel compliance with a grievance procedure "may be forfeited," the court found the defendants forfeited the right to compel arbitration because they did "not seek to enforce steps 1 and 2, the contractually established precursors of a duty to arbitrate under step 3." 228 Cal. App.

> 25.03 <u>Union Steward/Employer Resolution</u>- As the initial step in the adjustment of a grievance, it shall be presented in writing to the Employer by the Steward or an authorized Union Representative. The grievance must be presented initially within thirty (30) working days after the date of the action complained of or the date the Regular Employee became aware of the incident that gave rise to the grievance. The Employer shall make its reply within five (5) working days to the authorized person presenting the grievance. Within five (5) days of the Union's receipt of this response, the Steward or Representative and the Employer will meet to review and discuss the circumstances and facts concerning the grievance and will, to the best of their abilities, attempt to settle and resolve the grievance on an informal basis. Any demand for arbitration must be made within twenty (20) days of the meeting or arbitration will be waived.

(*Id.* at 50.) Similar to the grievance procedure in *Knutsson*, this procedure requires the following prior to arbitration: (1) the grievance be presented to the Employer in writing; (2) for the Employer to then issue a reply; and (3) for the Union to review and discuss the grievance and attempt to settle informally. Like the defendant in *Knutsson*, Defendant has not presented the argument to this Court that Plaintiff is required to comply with the requirement to formally present a grievance to Defendant. (*See* ECF Nos. 16-1, 20.) Because Defendant never sought to compel compliance with these three steps, "the contractually established precursors of a duty to arbitrate," the Court finds that Defendant has forfeited its right to compel arbitration. *See Knutsson*, 228 Cal. App. 4th at 1131.

## IV. CONCLUSION

Based on the foregoing, the Court hereby DENIES Defendant's Motion to Compel Arbitration. (ECF No. 16.)

IT IS SO ORDERED.

DATED: March 29, 2022

Troy L. Nunley
United States District Judge