UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MILES, | No. 2:18-cv-02860-DAD-AC |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO STAY |
| BRUSCO TUG AND BARGE, INC., et al., | (Doc. No. 25) |
| Defendants. | |

This matter is before the court on motion to stay this action filed by defendant Brusco Tug & Barge, Inc. ("defendant") on April 29, 2022. (Doc. No. 25.) Therein, defendant requests that the court stay proceedings in this action pending a decision by the Ninth Circuit on its appeal of this court's March 30, 2022 order denying defendant's motion to compel arbitration. (*Id.* at 2). On May 3, 2022, defendant's motion to stay was taken under submission on the papers.[1] For the reasons explained below, defendant's motion to stay proceedings in this action will be granted.

**BACKGROUND**

On March 30, 2022, the court issued an order denying defendant's motion to compel arbitration of this individual wage and hour action. (Doc. No. 21.) Specifically, the court found that defendant had waived the right to enforce the arbitration agreement by failing to follow the

---

[1] On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 32.)

1

grievance procedure of the parties' collective bargaining agreement, which contained the arbitration provision. (*Id.* at 3–4.)

On April 20, 2022, defendant filed a notice of appeal of the court's March 30, 2022 order. (Doc. No. 23.) On April 29, 2022, defendant filed the pending motion to stay proceedings in this action pending resolution by the Ninth Circuit of its appeal. (Doc. No. 25.) Plaintiff filed an opposition to the motion to stay on May 5, 2022, and defendant filed its reply thereto on May 16, 2022. (Doc. Nos. 29, 30.)

After briefing on the motion was completed and while the motion has been pending before the court, the parties completed briefing in the Ninth Circuit on defendant's appeal and the Ninth Circuit has indicated its intent to schedule defendant's appeal for oral argument in February 2023. *See Miles v. Brusco Tug & Barge, Inc., et al.,* No. 22-15588, Notices, Doc. Nos. 18, 20 (9th Cir., Oct. 19, 2022).

**LEGAL STANDARD**

The Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. *Ontiveros v. Zamora*, No. 2:08-cv-567 LKK, 2013 WL 1785891, at *1 (E.D. Cal. Apr. 25, 2013) (citing 9 U.S.C. § 16(a)). In the Ninth Circuit, district courts have discretion to grant a motion to stay proceedings pending appeal of an order denying a motion to compel arbitration. *See Britton v. Co-op Banking Grp.,* 916 F.2d 1405, 1412 (9th Cir. 1990). "A stay is not a matter of right . . . . It is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and citation omitted). The party seeking a stay bears the burden of demonstrating facts or circumstances justifying such relief. *Id.* at 433–34.

District courts consider four factors in determining whether to issue a stay: (1) whether the party seeking a stay has made a strong showing that he is likely to succeed on the merits; (2) whether the party seeking a stay will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Nken*, 556 U.S. at

434. Noting "some functional overlap" between a stay pending appeal and a preliminary injunction, the Ninth Circuit has adopted a balancing approach similar to the "sliding scale" approach applied to requests for preliminary injunctions. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under this approach, the factors described above are balanced, "so that a stronger showing of one [factor] may offset a weaker showing of another." *Id.* at 964 (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

## DISCUSSION

Defendant urges this court to stay proceedings until the Ninth Circuit has decided its appeal because it can make a strong showing on the merits of its appeal and it would suffer irreparable harm due to the lost benefits of arbitration if forced to continue the litigation in the absence of a stay. (Doc. No. 25-1 at 6.)

On the merits of its appeal, defendant argues that it has demonstrated a strong likelihood of success because, it contends, this court erroneously relied on the decision in *Knutsson v. KTLA, LLC*, 228 Cal. App. 4th 1118 (2014) and "disregarded the substantive differences in the arbitration-grievance provisions in this action and the *Knutsson* action." (*Id.* at 9–12.) Specifically, defendant emphasizes that the three-step grievance procedure at issue in *Knutsson* placed the responsibility of filing a grievance at step one on the union *or the employee*, whereas the grievance procedure at issue in this case provided only for the union steward or authorized union representative to initiate a grievance, not an employee like plaintiff. (*Id.* at 10) (emphasis added). Defendant asserts that the court did not appreciate this distinction and instead erroneously faulted defendant for not arguing that plaintiff should have complied with the grievance procedure's requirement to formally present the grievance to defendant—an argument that could not have been made because the grievance provisions in this case do not enable, let alone require, an employee like plaintiff to initiate the grievance process. (*Id.* at 10–11.)

Plaintiff does not meaningfully respond to defendant's arguments with regard to the merits of its appeal. Rather, plaintiff merely asserts that the district court properly applied the decision in *Knutsson* and quotes a few sentences from the court's March 30, 2022 order. (Doc. No. 29.) This minimal opposition is telling, and indeed the court finds that defendant has made

3

the required showing with respect to a likelihood of success on the merits of its appeal. Accordingly, consideration of the first factor weighs in favor of granting the motion for a stay.

Defendant has also shown that it will be irreparably injured absent the granting of a stay. Notably, as the Ninth Circuit has held, "if a party 'must undergo the expense and delay of a trial before being able to appeal [an order denying a motion to compel arbitration], the advantages of arbitration—speed and economy—are lost forever,' a loss the Ninth Circuit describes as 'serious, perhaps, irreparable.'" *Winig v. Cingular Wireless LLC*, No. 06-cv-4297-MMC, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (quoting *Alascom, Inc. v. ITT N. Elect. Co.,* 727 F.2d 1419, 1422 (9th Cir. 1984)). Plaintiff argues that defendant would not be injured by having to continue this litigation and engage in discovery because even if the appeal is granted, discovery would still be necessary in arbitration. (Doc. No. 29 at 2, 9.) The court is not persuaded by this argument because, as one district court has explained:

> whether the court should try to guess at the limitations that would be available if this matter were compelled to arbitration or whether the court should allow broad discovery. Simply put, the court should not be placed in this position, and the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration.

*Mundi v. Union Sec. Life Ins. Co.*, No. 1:06-cv-1493-OWW-TAG, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007). Accordingly, consideration of the second factor also weighs in favor of granting the motion to stay.

Next, the court finds that the issuance of the stay will not substantially injure plaintiff, and plaintiff's arguments to the contrary—delay and fading memory of key witnesses—are not availing. *See Cascades Comput. Innovation LLC v. RPX Corp.*, No. 12-cv-1143 YGR, 2014 WL 900376, at *3 (N.D. Cal. Mar. 4, 2014) ("A concern for loss of evidence exists anytime a court issues a stay and does not supply sufficient grounds to refrain from issuing an otherwise appropriate stay."). Accordingly, consideration of the third factor weighs in favor of granting the motion to stay.

Finally, defendant argues that granting the stay in this case is in the public interest because "it would promote the goals of judicial efficiency and economy, in addition to supporting the

1  public interest in favor of arbitration.  (Doc. No. 30 at 12.)  The court agrees.  *See Winig*, 2006
2  WL 3201047, at *3 (concluding that "a stay would advance the public interest in arbitration by
3  ensuring that [defendant] is not required to litigate the instant action in district court unless and
4  until the Ninth Circuit resolves the pending appeal in plaintiff's favor").  Accordingly,
5  consideration of the fourth factor weighs in favor of granting the motion to stay.

6  In sum, the court concludes that all four factors weigh in favor of granting defendant's
7  motion to stay this action pending resolution by the Ninth Circuit of defendant's appeal of the
8  March 30, 2022 order denying its motion to compel arbitration.

## CONCLUSION

10  For the reasons set forth above,

11  1.   Defendant's motion to stay (Doc. No. 25) is granted; and

12  2.   This case is stayed pending the issuance of a decision by the Ninth Circuit in
13      defendant's appeal, No. 22-15588.

14  IT IS SO ORDERED.

15  Dated:  **November 4, 2022**

16  UNITED STATES DISTRICT JUDGE