# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK MILES,<br>   Plaintiff,<br>   v.<br>BRUSCO TUG & BARGE, INC., et al.,<br>   Defendants. | Case No.: 2:18-cv-02860-DJC-AC<br><br>**ORDER** |

On September 14, 2018, Plaintiff Frank Miles initially commenced this action under the Americans with Disability Act in Sacramento County Superior Court. (ECF No. 1 at 11–21.) Thereafter, on October 25, 2018, Defendant Brusco Tug and Barge, Inc. filed an Answer to the Complaint. (ECF No. 1 at 28–38.) The action was subsequently removed. (ECF No. 1.) After Plaintiff's Motion to Remand was denied, District Judge Dale A. Drozd stayed this case pending an appeal of that order. (*See* ECF No. 34.) Following the Ninth Circuit affirmed the decision denying remand, the Court lifted the stay of this action. (ECF No. 39.) The Parties filed a Joint Status Report. (ECF No. 40.)

////
////
////

In the interest of avoiding the accumulation of fees and costs through potentially unnecessary discovery and motion practice, and to allow the parties sufficient time to pursue an early informal resolution of this matter, IT IS HEREBY ORDERED that:

1. This action is STAYED for one-hundred and twenty (120) days, except as set forth herein, and all previously set deadlines and hearings are VACATED pending further order of the court.

2. If parties have not already made all initial disclosures required by Federal Rule of Civil Procedure 26(a)(1), they must do so within fourteen (14) days of this order.

3. The parties are directed to promptly meet and confer to discuss settlement of this action.  The parties must ensure that they have full authority to negotiate and settle the case on any terms.  Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate. Defendant should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable. The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts.

4. If the parties have not been able to informally reach a settlement within forty-five (45) days, the parties shall thereafter initiate participation in the court's Voluntary Dispute Resolution Program ("VDRP") by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov, and file a notice on the court's docket stating they have contacted the VDRP administrator.[1]

---

[1] The resources of the VDRP program are limited, and the parties are expected to make good faith efforts to timely and fully exhaust informal settlement efforts prior to initiating participation in the VDRP. The court will look with disfavor upon parties stalling or failing to participate in the above-mentioned initial informal discussions, prompting potentially unnecessary participation in the VDRP and straining the program's resources.

5. Counsel shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of the VDRP.

6. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o).

IT IS SO ORDERED.

Dated:  February 16, 2024          /s/ Daniel J. Calabretta
                                   THE HONORABLE DANIEL J. CALABRETTA
                                   UNITED STATES DISTRICT JUDGE